UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT ALLEN SELBY,

        Plaintiff,                                    Hon. Gordon J. Quist

v.                                                   Case No. 1:13-cv-01010

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act. (ECF No. 19) and Stipulation and Order Awarding Attorney Fees Under EAJA. (ECF No. 21). Plaintiff's counsel seeks $4,407.50 in fees and costs, as detailed in his motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the motion be **granted in part and denied in part** and the stipulation be **dismissed as moot**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision is found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984). Defendant has not asserted that the Commissioner's position in this matter was substantially justified.

On September 30, 2015, the Honorable Gordon J. Quist entered an opinion and order reversing the Commissioner's decision and remanding the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now moves the Court for an award of attorney's fees and costs pursuant to the EAJA. In his motion, counsel seeks an award of $4,407.50. Specifically, counsel seeks to recover $4,007.50 in attorneys fees (22.9 hours multiplied by an hourly rate of $175.00) and $400.00 in costs.

The Court finds the amount of hours expended in this matter to be reasonable and appropriate. Additionally, the Court notes that Plaintiff is entitled to recover his filing fee. *See, e.g., Tetzlaff v. Commissioner of Social Security*, 2015 WL 2354741 at *2 (W.D. Mich., May 15, 2015); 28 U.S.C. § 1920; 28 U.S.C. § 2412. Accordingly, the undersigned recommends that EAJA fees and costs be awarded in the amount of $4,407.50 (22.9 hours multiplied by an hourly rate of $175 plus $400.00 in costs). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that this amount be paid to Plaintiff not his attorney.

Counsel has included with his motion a copy of a document, titled "Retainer Agreement and Assignment," in which Plaintiff purports to assign payment of any EAJA fees to counsel. (PageID.668). While the Court does not question the authenticity of this document, the fact remains that this Court has not been called upon to adjudicate or render a decision concerning Plaintiff's contractual obligations to his attorney. Awarding payment directly to Plaintiff's counsel would, in effect, constitute a determination regarding Plaintiff's contractual obligation to his attorney despite the fact that this particular issue is not properly before the Court. To so act could adversely impact the rights of individuals and/or entities not presently before the Court. Simply stated, the Supreme Court has held that payment of EAJA fees must be made to the party, not his attorney, and the Court declines to disregard such clear and controlling direction.

Subsequent to the filing of Plaintiff's motion, counsel jointly submitted a stipulated proposed order to award attorney fees under EAJA, (ECF No. 21), wherein the parties stipulate to an award of $4,000.00 in EAJA fees and $400.00 in costs. Because the motion previously filed is properly supported by documentation and analyzed above as being reasonable, the Court recommends dismissal of the stipulation as moot.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act, (ECF No. 19), be **granted in part and denied in part** and the Stipulation and Proposed Order Awarding Attorney Fees Under EAJA, (ECF No. 21), be **dismissed as moot**. Specifically, the undersigned recommends that Plaintiff be awarded

four thousand, four hundred seven dollars and fifty cents ($4,407.50) and that such be paid directly to Plaintiff.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: May 27, 2016         /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge